IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS HARRISON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-13-626 |
| ADAM COREY ANWEILER *and* CITY OF HOUSTON, | § § § § | |
| Defendants. | § § | |

ORDER

Pending before the Court is Defendant City of Houston's Motion for Summary Judgment (Document Nos. 26, 28). Having considered the motion, submissions, and applicable law, the Court finds the motion should be granted.

I. BACKGROUND

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. The events giving rise to Plaintiff Marcus Harrison's ("Harrison") claims against Defendants City of Houston and Adam Anweiler ("Anweiler") occurred on August 15, 2010, when Harrison was arrested and taken to the City of Houston central jail. Anweiler, a jail attendant, searched Harrison after he was brought to the jail. Towards the end of that process, Anweiler pulled Harrison's right arm behind his back in an effort to control him, breaking Harrison's arm. Harrison contends Anweiler was

attempting to handcuff Harrison using a technique he had learned during his training, which allegedly provided for pulling a prisoner's arm behind his back and using some upward force on the arm, creating the potential for injuries like the one Harrison suffered.

Harrison's claim under § 1983 is based on Anweiler's alleged violation of Harrison's civil rights through the use of excessive force. In addition, Harrison claims City of Houston is directly liable for that excessive force because it taught Anweiler the technique that resulted in the use of excessive force, knew that he used the technique during his five years as a jail attendant, and condoned the technique during those five years. On April 2, 2014, City of Houston filed a motion for summary judgment as to Harrison's claims against City of Houston, including Harrison's § 1983 claims and any state law claims.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to

establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid*

*Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

*A.   Texas Torts Claims Act*

City of Houston contends Harrison made various state law claims against City of Houston pursuant to the Texas Torts Claims Act. In response, Harrison states, "Plaintiff hereby stipulates that no Texas Tort Claims Act claims have ever been or ever will be filed against either the City or Jailer Anweiler."[1] Therefore, to the extent that any state law claims were brought in Harrison's complaint, summary judgment is granted as to any such state law claims.

---

[1] *Plaintiff Marcus Harrison's Response to Defendant City of Houston's Motion for Summary Judgment*, Document No. 41 at 1 n.1.

*B.     Respondeat Superior Liability*

Similarly, Harrison explains that despite originally pleading respondeat superior liability, he agrees with City of Houston that "the doctrine is not applicable to § 1983 claims against the City" and so "Plaintiff's current counsel makes no claim of *respondeat superior* liability."[2] *See James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) ("A municipality is not liable under § 1983 on the theory of respondeat superior, but instead only for acts that are directly attributable to it 'through some official action or imprimatur.'" (internal citations omitted)). Therefore, summary judgment is granted as to any respondeat superior liability.

*C.     Section 1983 Claim*

Municipal liability under § 1983 is imposed only when there is a direct causal link between the execution of a municipality's policy or custom and an alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Therefore, to maintain a § 1983 claim against a municipality, a plaintiff must show the existence of the following: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose moving force is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

---

[2] *Plaintiff Marcus Harrison's Response to Defendant City of Houston's Motion for Summary Judgment*, Document No. 41 at 6.

Official policy usually includes written policy statements, ordinances, or regulations. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). A custom is a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (internal quotation marks omitted).

Custom may be proved by demonstrating a pattern of similar prior incidents or behavior. *Peterson*, 588 F.3d at 850. To constitute a pattern, prior incidents "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Id.* (internal quotation marks omitted). A plaintiff must demonstrate a pattern of conduct that "transcends the error made in a single case." *Id.* at 850–51. In addition, a pattern cannot be created by all "bad or unwise acts," but instead must indicate the specific violation at issue. *Id.* at 851. Specifically, prior acts used to establish a pattern of excessive force must have involved injury to a third party. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005), *see also Backe v. City of Galveston, Tex.*, No. 10-CV-388, 2014 WL 868223, at *11 (S.D.

Tex. Mar. 5, 2014) (Ellison, J.). Finally, a pattern must be established by "sufficiently numerous prior incidents" as opposed to isolated events. *Peterson*, 588 F.3d at 851 (internal quotation marks omitted) (finding twenty-seven complaints of excessive force in a three year period did not create a pattern in a police force of over 1,500 officers); *see also Pineda v. City of Hous.*, 291 F.3d 325, 329 (5th Cir. 2002) (finding eleven incidents of warrantless entry were not enough to establish a pattern).

In this case, Harrison acknowledges that City of Houston's official policy and training procedures do not include the technique Anweiler used on Harrison. However, he contends a custom of verbally teaching jail attendants the technique, jail attendants using the technique, and City of Houston employees to approving the technique was the moving force behind Anweiler's alleged used of excessive force. Harrison's evidence of custom is primarily based on Anweiler's deposition testimony. That testimony, when viewed in the light most favorable to Harrison, shows Anweiler used the technique during his five years as a jail attendant after learning it from someone else and discussing it with his training officer.[3] Specifically, Harrison points to three prior incidents Anweiler mentioned in his

---

[3] *Plaintiff Marcus Harrison's Response to Defendant City of Houston's Motion for Summary Judgment*, Document No. 41, Exhibit B at 53–54, 64 (*Deposition of Adam Anweiler*) [hereinafter *Deposition of Adam Anweiler*].

deposition. Incident one involved a prisoner who arrived at the jail with his arm already broken.[4] It was injured again when Anweiler "lifted it up slightly" while attempting to handcuff the prisoner after an altercation.[5] There is no evidence that Anweiler used the technique at issue, which involves pulling the arm around the back and using upward force on the arm, in that incident, or excessive force at all. During incident two, there is some evidence that Anweiler used the technique during an event that resulted in an excessive force investigation by City of Houston.[6] Incident three was an investigation that did not target Anweiler, but he explains he told the investigator "everything I did," including his use of the technique.[7]

The evidence of Anweiler's use of the technique and the three incidents may create a pattern of behavior by Anweiler specifically, but it does not demonstrate that the technique is the expected, accepted practice of city employees generally such that a policymaker should be charged with knowledge of the practice.

---

[4] *Deposition of Adam Anweiler*, *supra* note 3, at 22.

[5] *Deposition of Adam Anweiler*, *supra* note 3, at 23; *Plaintiff Marcus Harrison's Response to Defendant City of Houston's Motion for Summary Judgment*, Document No. 41, Exhibit C at 4 (*Anweiler's Official Response to Excessive Force Charge*).

[6] *Deposition of Adam Anweiler*, *supra* note 3, at 66.

[7] *Deposition of Adam Anweiler*, *supra* note 3, at 73.

Therefore, the evidence presented does not establish a persistent, widespread practice that could be considered City of Houston custom. Specifically, Harrison fails to establish a pattern that indicates the specific violation at issue. To establish a pattern of excessive force, Harrison needed to show that the technique in question involved injury to a third party in prior incidents. The only two events that might apply, incidents two and three, are not sufficient for two reasons. First, there is no evidence the technique at issue caused any injuries in those cases. Second, the two incidents are not sufficiently numerous to create a pattern that demonstrates a widespread custom of city employees.

Harrison does not explicitly base liability on City of Houston's failure to train Anweiler. However, the Court will consider whether there was a failure to train in this case because Harrison's primary contention is that City of Houston trained Anweiler in this improper technique and that more or different training could have avoided the constitutional violation. A municipality's failure to train its police officers (or, in this case, jail attendants) can qualify as a "custom" on which § 1983 liability may be based. *Zarnow*, 614 F.3d at 170. To establish a failure to train, a plaintiff must demonstrate "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force'

in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Valle v. City of Hous.*, 613 F.3d 536, 544 (5th Cir. 2010).

The standard to establish deliberate indifference is "stringent" and requires the policymaker to ignore a foreseeable consequence of his or her action. *Id.* at 547. Deliberate indifference is typically demonstrated by a municipality's notice of a pattern of similar constitutional violations that were "fairly similar" to what occurred when a plaintiff's constitutional rights were violated. *Kitchen v. Dallas Cnty., Tex.*, No. 13-10545, 2014 WL 3537022, at *10 (5th Cir. July 17, 2014).

Harrison has not presented adequate evidence to meet the stringent standard to establish notice of a pattern of excessive force, the alleged constitutional violation, caused by the technique allegedly taught by City of Houston. There is no evidence that incidents two and three involved injuries caused by the technique, and there is no evidence that Anweiler used the technique or otherwise used excessive force during incident one. Therefore, Harrison cannot demonstrate that City of Houston was deliberately indifferent in adopting its training policy, and thus has not provided sufficient evidence of City of Houston's failure to train Anweiler. Accordingly, Harrison cannot establish a § 1983 claim against a municipality because he has not presented sufficient evidence of a pattern that

demonstrates a City of Houston custom or City of Houston's failure to train. Therefore, summary judgment is granted on Harrison's § 1983 claims against City of Houston.

## IV. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Defendant City of Houston's Motion for Summary Judgment (Document Nos. 26, 28) is **GRANTED**. All claims asserted against Defendant City of Houston are hereby dismissed. Plaintiff Marcus Harrison's § 1983 claims against Defendant Adam Corey Anweiler remain active.

SIGNED at Houston, Texas, on this __16__ day of September, 2014.

_David Hittner_
DAVID HITTNER
United States District Judge